# EXHIBIT A

**Zemel Law LLC**
Daniel Zemel, Esq.
Attorney ID # 1114022014
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff

| | |
|---|---|
| JACQUELINE MHREZ, | ) SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | ) HUDSON COUNTY |
| | ) |
| vs. | ) |
| | ) Case No: |
| | ) |
| FIRST NATIONAL COLLECTION BUREAU | ) |
| INC., | ) CIVIL COMPLAINT |
| | ) |
| Defendant. | |

Plaintiff, Jacqueline Mhrez, (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C § 1191(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in North Bergen, New Jersey, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant First National Collection Bureau, Inc. ("FNCBI" or "Defendant"), is a corporation that regularly conducts business in New Jersey. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On a date better known to Defendant, Plaintiff Mhrez allegedly incurred a debt.

7. The debt allegedly incurred was for personal, familial, and household purposes.

8. The debt was then transmitted to FNCBI for collections.

9. In an attempt to collect the debt, Defendant sent Plaintiff a collection letter dated September, 8th, 2021.

10. The letter was not sent from Defendant itself; Defendant utilized a third-party vendor to send the letter.

11. In doing so, Defendant disclosed Plaintiff's personal information to a third party in violation of the FDCPA, including the fact that Plaintiff owed a debt.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

12. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

13. Defendant's actions are in violation of 15 U.S.C. § 1692c(b).

WHEREFORE, Plaintiff Jacqueline Mhrez, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

B. Award costs and reasonable attorneys' fees;

C. Grant such other and further relief as may be just and proper.

Dated this July 15th, 2022

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff

JURY DEMAND

Plaintiff does hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

/s/ Daniel Zemel
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Daniel Zemel as Trial Counsel pursuant to R. 4:25-4.

/s/ Daniel Zemel
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

## CERTIFICATION PURSUANT TO R.4:5-1

The undersigned certifies that the matter in controversy is not the subject matter of any other action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

/s/ Daniel Zemel_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

## CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(a).

/s/ Daniel Zemel____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

/s/ Daniel Zemel_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

**Zemel Law LLC**
Daniel Zemel, Esq.
Attorney ID # 1114022014
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff

| | |
|---|---|
| JACQUELINE MHREZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL COLLECTION BUREAU INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>HUDSON COUNTY<br><br>Case No: HUD-L-002314-22<br><br>FIRST AMENDED COMPLAINT |

Plaintiff, Jacqueline Mhrez, (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## PARTIES

2. Plaintiff is a natural person who at all relevant times has resided in North Bergen, New Jersey, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

3. Defendant First National Collection Bureau, Inc. ("FNCBI" or "Defendant"), is a corporation that regularly conducts business in New Jersey. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

4. On a date better known to Defendant, Plaintiff Mhrez allegedly incurred a debt.

5. The debt allegedly incurred was for personal, familial, and household purposes.

6. The debt was then transmitted to FNCBI for collections.

7. In an attempt to collect the debt, Defendant sent Plaintiff a collection letter dated September, 8th, 2021.

8. The letter was not sent from Defendant itself; Defendant utilized a third-party vendor to send the letter.

9. In doing so, Defendant disclosed Plaintiff's personal information to a third party in violation of the FDCPA, including the fact that Plaintiff owed a debt.

## CLASS ACTION ALLEGATIONS
### The Class

10. Plaintiff brings this as a class action pursuant to New Jersey Court Rule 4:32 on behalf of herself and all others similarly situated who have received similar debt collection letters from Defendant, which, as alleged herein, are in violation of the FDCPA.

11. Plaintiff seeks certification of the following class, initially defined as follows:

**Vendor Class: All consumers residing within the United States that have received a letter from Defendant via a third-party vendor concerning debts used primarily for personal, household, or family purposes, within one year prior to the filing of this Complaint.**

12. Excluded from the Class is Defendant, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

13. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues, or modify the class definition as to the geographical location or original creditor.

### Numerosity

14. Upon information and belief, Defendant has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

15. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

### Common Questions of Law and Fact

16. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated the provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

17. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

20. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

21. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

22. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

23. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will

permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

25. Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

26. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

27. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

28. Defendant's actions are in violation of 15 U.S.C. § 1692c(b).

WHEREFORE, Plaintiff Jacqueline Mhrez, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

    B. Award costs and reasonable attorneys' fees;

    C. Grant such other and further relief as may be just and proper.

Dated this July 25th, 2022

    Respectfully Submitted,

    /s/ Daniel Zemel_

Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff

### JURY DEMAND

Plaintiff does hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

/s/ Daniel Zemel\_\_\_\_
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

### DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Daniel Zemel as Trial Counsel pursuant to R. 4:25-4.

/s/ Daniel Zemel\_\_\_\_\_
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

### CERTIFICATION PURSUANT TO R.4:5-1

The undersigned certifies that the matter in controversy is not the subject matter of any other action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

/s/ Daniel Zemel\_\_\_\_\_
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF

### CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(a).

/s/ Daniel Zemel\_\_\_\_\_
Daniel Zemel, Esq.

ATTORNEY FOR PLAINTIFF

DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

/s/ Daniel Zemel_____
Daniel Zemel, Esq.
ATTORNEY FOR PLAINTIFF